IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jane Doe, | : |
| Plaintiff | : Case No. 2:04-cv-307 |
| v. | : Judge Smith |
| The Ohio State University, et al., | : Magistrate Judge Abel |
| | : |
| Defendants | : |
| | : |

# Order

Plaintiff brings this action against The Ohio State University alleging that it is liable for the injuries and damages she sustained when she was assaulted by a high school friend and fellow student.  This matter is before the Court on plaintiff's May 26, 2005 motion to reconsider Magistrate Judge Abel's May 16, 2005 Order denying her motion for an extension of time for her campus procedures and security expert to make Rule 26(a)(2) disclosures.  Doc. 35.

In seeking the extension, plaintiff's counsel represented that he did not realize the need for an expert relating to university campus procedures and security until he had completed extensive discovery which included multiple depositions of fact witnesses.  The Magistrate Judge rejected that argument:

> Although plaintiff argues that she was not aware of the need for a campus security expert, the complaint clearly identifies the campus security and procedures as relevant to her claims.  The complaint alleges that the University was negligent by failing to abide by its safety guidelines and by failing to implement reasonable safety measures.  *See* Compl. ¶¶ 19-20.  Further, the Rule 26(f) report of the parties identifies university policy and procedure and police procedures as potential areas for expert testimony (doc. 17).  My recollection is that appropriate campus security was an issue discussed during the preliminary pretrial conference. Although plaintiff asserts that unexpected testimony alerted her to the need for a security expert, she does not specify the testimony that alerted her to facts not pleaded in the complaint that demonstrated the need to retain an expert.  Furthermore, plaintiff concedes that

an expert is not required for the advancement of her case.

May 26, 2005 Order, Doc. 19 at p. 2.  Plaintiff's counsel now abandons that argument.  He continues to argue that because a trial date has not been set defendant would not be prejudiced by an extension.

The July 12, 2004 Preliminary Pretrial Order provided, in relevant part:

> Any expert who may give evidence supporting a party's claims or defenses must make his or her Rule 26(a)(2) disclosures no later than **November 17, 2004**. Any responsive experts' Rule 26(a)(2) disclosures must be made on or before **January 19, 2005**.
> Under the provisions of Rule 26(e)(2), Fed. R. Civ. P., counsel are under a duty "seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing."  Counsel are DIRECTED to review their clients' responses to written discovery on or before **February 16, 2005** and promptly make any supplemental disclosures required by Rule 26(e)(2).
> All discovery must be completed by **March 30, 2005**.  Case-dispositive motions must be filed on or before **May 25, 2005**.

Doc. 19, at p. 2.  Plaintiff gives no explanation for failing to file a timely motion to extend the November 17, 2004 deadline for the experts supporting a party's claims to make their Rule 26(a)(2) disclosures.  In June 2004, defendant served interrogatories on plaintiff asking her to identify experts, their qualifications, and their opinions.  Plaintiff's counsel indicated he would supply the information later.  On January 19, 2005, defendant's counsel reminded plaintiff's counsel that the deadline for the experts' Rule 26(a)(2) disclosures had passed and that he assumed plaintiff would not be offering any expert testimony other that treating doctors she had identified in response to Interrogatory No. 6.  Defendant's June 6, 2005 Response to Plaintiff's Motion for an Extension, Doc. 38, Exh. D.  Plaintiff's counsel did not respond to this letter.

Plaintiff argues that the fact that depositions were not completed until April 12, 2005, thirteen days past the March 30 deadline for completing discovery.  She does not explain why this is

2

good cause for extending the November 17, 2004 deadline for the experts' Rule 26(a)(2) disclosures. Defendant asserts, and plaintiff has not disputed, that plaintiff noticed depositions for early April. Rather that refuse to cooperate, defendant agreed that plaintiff could take depositions on April 8 and defendant completed plaintiff Doe's deposition on April 12. Plaintiff has made no showing that the depositions taken during April 2005 anyway affect plaintiff's counsel's ability to retain an expert who would make disclosures by the November 17, 2004 deadline or, alternative, move the Court to extend that deadline before it passed.

Under the provisions of Rul3 16(b)(4), Fed. R. Civ. P., a scheduling order's deadlines for Rule 26(a)(2) disclosures "shall not be modified except upon a showing of good cause and by leave of the" court. Good cause requires a showing of diligence in meeting scheduling order deadlines. *See, Michalik v. Huron & E. R.R. Co.,* 2004 WL 1765519, at *1 (E.D. Mich. July 30, 2004). The court must also consider prejudice to the non-moving party. *Botnick v. Zimmer Inc.*, 2004 WL 2668803, at *1 (N.D. Ohio Nov. 19, 2004) (denying party's motion to extend expert deadline; motion was filed one month after deadline passed and moving party did not diligently attempt to meet the prior deadline).

Here plaintiff has failed to demonstrate diligence in meeting the deadlines in the scheduling order. Nor did plaintiff's counsel promptly move to extend those deadlines once he realized that they would not be met, so that the court could keep the case on schedule for a timely disposition. He simply ignored the deadlines and assumed that the court would accommodate any request for extension. Scheduling deadlines would be meaningless if a party could unilaterally alter them by ignoring them then seeking an extension on the ground that discovery was not completed. The Court concludes that plaintiff has failed to demonstrate good cause to extend the experts' Rule 26(a)(2) disclosures deadine.

Plaintiff's May 26, 2005 motion to reconsider Magistrate Judge Abel's May 16, 2005 Order denying her motion for an extension of time for her campus procedures and security expert to make Rule 26(a)(2) disclosures (doc. 35) is DENIED.

    /S/ George C. Smith
George C. Smith
United States District Judge