UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Jane Doe,**

      **Plaintiff,**

**-V-**                                         **Case No. 2:04 -CV- 0307**
                                                      **JUDGE SMITH**
                                                      **Magistrate Judge Abel**

**The Ohio State University Board
of Regents,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

      This matter is before the Court on Plaintiff's Motion for Reconsideration of this Court's September 28, 2006 Opinion and Order granting Defendants' Motion for Summary Judgment (Doc. 48). For the reasons that follow, the Court **DENIES** Plaintiff's Motion for Reconsideration.

      A motion for reconsideration pursuant to Rule 59(e) is designed only to "correct manifest errors of law or fact or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986). As such, a Rule 59(e) motion may be made for only one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *See Berridge v. Heiser*, 993 F.Supp. 1126, 1146-1147 (S.D. Ohio 1998) (*citing Firestone v. Firestone*, 316 U.S. App. D.C. 152 (D.C. Cir. 1996)).

A motion for reconsideration is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion. *See Database America v. Bellsouth Advertising & Publishing*, 825 F.Supp. 1216, 1219-20 (D.N.J. 1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 2810.1 (2d ed.1995)(Motions to alter or amend judgment cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie*, 222 B.R. 64, 66 (Bankr.D.N.J.1998) (*citing Database*, 825 F.Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database*, 825 F.Supp. at 1220.

Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made.  *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa.1993). When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument." *Database*, 825 F.Supp. at 1220.

After reviewing Plaintiff's Motion for Reconsideration, the Court finds that it does not meet any of the stringent requirements for reversal under Fed. R. Civ. P. 59(e).  Plaintiff is merely trying to reargue the record or put a different spin on the same arguments.  The Court therefore **DENIES** Plaintiff's Motion for Reconsideration.  The Court will, however, offer a few brief comments in response to Plaintiff's arguments asserted in her motion.

Plaintiff argues that the Court's decision improperly examines the Plaintiff's actions, rather than OSU's actions. This is simply incorrect.  The Court specifically states that the "standard before the ourt is whether Defendant OSU acted with deliberate indifference with respect to the complaint of sexual assault filed by Plaintiff."  (September 28, 2006 Opinion and Order at 24).  The Court, however, recognized that there was only so much OSU could do.  As this Court found, OSU responded to each and every one of Plaintiff's requests within a reasonable time.  Any delay was attributable to Plaintiff's choices as she was given information and took her time to weigh her options. The key to this case is that OSU is not required to "remedy" the sexual harassment nor ensure that the students conform their conduct to certain rules, but rather the Defendant "must merely respond to known peer harassment in a manner that is not clearly unreasonable." *Davis v. Monroe County Board of Education*, 526 U.S. 629, 648-649 (1999).

All of Plaintiff's arguments appear to be rearguing the same issues that were addressed in

the motion for summary judgment briefing.  Plaintiff is again relying on misstatements and mischaracterizations of the facts which the Court does not find persuasive.  Plaintiff has also attempted to enhance her argument by citing to the Federal Register which does not carry any weight in this Court.  There is sufficient Title VII caselaw from the Sixth Circuit to serve as authority in this case without seeking out persuasive authority.

Plaintiff's Motion for Reconsideration is nothing more than an attempt to reargue the case.  This is not the proper forum, however.  A motion for reconsideration, as stated above, is to be used to correct errors of law or fact or to present newly discovered evidence.  Plaintiff has therefore failed to provide any reason for this Court to consider its September 28, 2006 Opinion and Order granting summary judgment to Defendants.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration of this Court's September 28, 2006 Opinion and Order granting Defendants' Motion for Summary Judgment.

Final judgment was entered in this action after the Order granting Defendants' Motion for Summary Judgment.  While Plaintiff has filed a notice of appeal, she has requested it not be decided until this Court issues a ruling on the Motion for Reconsideration.  Therefore, in light of this decision, final entry shall again be entered in favor of Defendants, dismissing this action in its entirety with prejudice.

The Clerk shall remove Doc. 48 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**